UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GAILON APPLEWHITE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:11-CV-1570-MLM |
| | ) | |
| STEVE LARKINS, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Gailon Applewhite for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee. Therefore, the Court grants petitioner leave to proceed in forma pauperis.

**The petition**

Petitioner, an inmate at the Eastern Reception Diagnostic and Correctional Center ("ERDCC"), seeks declaratory and injunctive relief in this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The respondent is Steve Larkins. Petitioner alleges that in August 2011, he was unjustly sent to "the hole" for seven days, during which he was "forced to go about in boxer shorts." He asks the Court to order "ERDCC to cease with such [a] violative practice." In addition, petitioner claims that he has

been threatened with conduct violations in retaliation for filing complaints, grievances, and lawsuits. He further asserts that racism is pervasive at ERDCC, and that he "could be sanctioned to unwarranted punishment based on the most flimsy evidence." Petitioner asks the Court to establish "a meaningful check and balance system . . . before it is too late."

**Discussion**

Although petitioner labeled his suit as one brought under § 2241, the Court will liberally construe this action as having been brought under 28 U.S.C. § 2254.[1]

It is a well-settled general principle that a habeas corpus petition is the appropriate means to challenge the "actual fact or duration" of one's confinement, see Heck v. Humphrey, 512 U.S. 477, 481 (1994), whereas a civil rights claim is the proper means to challenge the "conditions" of one's confinement. See Viens v. Daniels, 871 F.2d 1328, 1333 (7th Cir. 1989); see also White v. Gittens, 121 F.3d 803, 807, n. 3 (1st Cir. 1997) (noting applicability of general rule to § 1983 actions for both declaratory relief and damages). Consistent with this general rule, a prisoner's claims for constitutional violations against a state actor may be brought as a civil rights suit for monetary,

---

[1] Because petitioner is in custody pursuant to a state court judgment, the only vehicle for challenging his present confinement is 28 U.S.C. § 2254. See Crouch v. Norris, 251 F.3d 720, 722-23 (8th Cir. 2001)(state prisoners "can only obtain habeas relief through § 2254, no matter how [their] pleadings are styled").

declaratory, and/or injunctive relief pursuant to 42 U.S.C. § 1983. In the instant case, petitioner is not seeking his immediate or speedier release, but rather, declaratory and injunctive relief based on the conditions of his confinement. As such, his recourse is under § 1983, not habeas corpus.

The Court notes that on October 7, 2011, petitioner filed a motion to construe this action as having been brought under 42 U.S.C. § 1983 [Doc. #4]. In addition, petitioner "requests to be granted permission to add a ground which is soon to be a class action suit." The Court will deny this motion, because, inter alia, petitioner clearly has not exhausted his prison administrative remedies.[2] See Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003)(if exhaustion was not completed at time of filing suit, dismissal is mandatory).

For the above-stated reasons, the Court will dismiss the instant habeas petition, but notes that dismissal is without prejudice to a future habeas corpus action or to any constitutional claims that petitioner may bring in this Court under 42 U.S.C. § 1983, following his exhaustion of available state remedies. In this regard, the Court will instruct the Clerk to provide petitioner with a form for filing a § 1983 action.

---

[2]Petitioner states, "I didn't want to waste any time making futile attempts so I filed 2 habeas corpus petition[s]. By the time my habeas petition is answered I will have fully exhausted administrative remedies."

Therefore,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**. See 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that petitioner's application for a writ of habeas corpus is **DENIED**. See 28 U.S.C. § 2243.

**IT IS FURTHER ORDERED** that petitioner's motion to construe this habeas action as a 42 U.S.C. § 1983 civil rights complaint [Doc. #4] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff, in addition to a copy of this Order and Memorandum, the court-provided form for filing a complaint pursuant to 42 U.S.C. § 1983.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 11th day of October, 2011.

/s/Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**